IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) STEPHEN HALE, guardian ad litem to )
(2) T.D., a minor, )
              Plaintiff, )
)
v. ) Case No. 16-CV-693-TCK-tlw
)
(1) TULSA PUBLIC SCHOOLS, a Political Subdivision of the State of Oklahoma; and )
)
(2) TULSA PUBLIC SCHOOLS BOARD OF EDUCATION, a Political Subdivision of the State of Oklahoma, )
)
              Defendants. )

## OPINION AND ORDER

Before the Court is the Motion to Dismiss the First, Second, and Fifth Claims of T.D., a Minor, All State Tort Claims of Dowling, and All Claims Against the Tulsa Public Schools Board of Education (Doc. 12) filed by Defendant Independent School District No. 1 of Tulsa County, Oklahoma (referred to in the style of this case as "Tulsa Public Schools") ("Tulsa School District").

On October 21, 2016, Plaintiffs Martha Dowling ("Dowling"), as "an individual and next of friend to . . . T.D., a minor," and T.D., a minor, filed a Petition in Tulsa County District Court asserting various claims against (1) Tulsa School District and (2) Tulsa Public Schools Board of

Education ("Board").[1] Tulsa School District removed the case to this Court, invoking 28 U.S.C. § 1331 as the basis for subject matter jurisdiction. Tulsa School District contends the Court has original jurisdiction over Plaintiffs' claim under 42 U.S.C. § 1983 ("§ 1983"), which is asserted only against the Board.

In its motion to dismiss, Tulsa School District contends, *inter alia*, that Plaintiff has failed to state any claim against the Board because the Board is not a separate legal entity under Oklahoma law and may not be sued. Tulsa School District contends the Court therefore should dismiss all claims against the Board pursuant to Fed. R. Civ. P. 12(b)(6). In *Primeaux v. Indep. Sch. Dist. No. 5 of Tulsa Cnty. Okla.*, Case No. 12-CV-393-TCK-PJC, 2012 WL 5986793 (N.D. Okla. Nov. 29, 2012), this Court held that Oklahoma school boards are not separate, suable entities. *Primeaux*, 2012 WL 5986793, at *2 ("Based on the language of the Oklahoma statutory scheme, the Court concludes that Oklahoma school boards are not separate, suable entities. The Court further concludes that, where an Oklahoma school district is named as a defendant, any claims against the school board are duplicative of claims against the school district."); *see also Murphy v. Spring*, Case No. 13-CV-96-TCK-PJC, 2013 WL 5172951 (N.D. Okla. Sept. 12, 2013) (dismissing claims asserted against school board). Plaintiff contends "[i]t is the Board which ultimately stands responsible for the actions of the school district," but Plaintiff does not provide any authority contrary to the Court's holding in *Primeaux* that a school board is not a separate, suable entity under Oklahoma law. Accordingly, all claims against the Board are dismissed.

---

[1] On January 4, 2017, after Tulsa School District had filed its motion to dismiss, the Court granted Plaintiff's motion to stay the case pending appointment of a guardian ad litem for minor Plaintiff T.D. On April 19, 2017, Plaintiff T.D. filed an unopposed motion to substitute Stephen Hale, guardian ad litem for T.D., for Plaintiff Martha Dowling in her capacity as "next friend to T.D.," which the Court granted. Hale asserts claims only in his capacity as guardian ad litem for T.D. Dowling did not participate in the Joint Status Report (Doc. 25) or oppose Tulsa School District's motion to dismiss, and thus appears to have abandoned any claims asserted on her own behalf.

Because Plaintiff's § 1983 claim is only asserted against the Board, the dismissal of this claim eliminates the basis of the Court's subject matter jurisdiction in this proceeding. Accordingly, the Court lacks jurisdiction to rule on the remaining arguments set forth in Tulsa School District's motion to dismiss. Plaintiff has requested leave to amend his Complaint should the Court dismiss the claims against the Board. Should Plaintiff wish to amend his Complaint asserting new grounds for subject matter jurisdiction in this Court, Plaintiff may do so within ten days of the date of this Order. Otherwise, this case will be remanded to the Tulsa County District Court.

**SO ORDERED this 29th day of June, 2017.**

_____
**TERENCE KERN**
**United States District Judge**